UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RONALD DEON LEE,

      Petitioner,

v.                                                    Case No. 5:21cv117-TKW-HTC

RICKY D. DIXON,[1]

      Respondent.

_____/

## ORDER AND REPORT AND RECOMMENDATION

Petitioner Ronald Deon Lee, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254, challenging his conviction for burglary of an occupied dwelling with battery in Bay County, Florida, case 2011-CF-1251. ECF Doc. 1. After considering the petition, the record, the State's response, ECF Doc. 8, and Petitioner's reply, ECF Doc. 17, the undersigned recommends the petition be DENIED without an evidentiary hearing.

---

[1] Ricky D. Dixon succeeded Mark S. Inch as Secretary of the Florida Department of Corrections and is automatically substituted as the respondent. *See* Fed. R. Civ. P. 25(d). The clerk is directed to update the case file information to reflect Ricky D. Dixon as the Respondent.

## I.    BACKGROUND

### A.    Offense and Conviction

On April 15, 2011, a female occupant of a motel room in Mexico Beach, Florida, awoke to find Petitioner, a man she did not know, on top of her, attempting to rape her. ECF Doc. 11-2 at 31. When she asked him what he was doing, he did not say anything except, "shh, shh, shh" when the female started stirring. *Id.* She awoke her boyfriend, who was sleeping in the bed next to her, and he and Petitioner fought until police, who had been called by the female victim, arrived.[2] *Id.* at 31-35. Petitioner told police he was staying in the next room at the motel with his girlfriend and her child, had gone to the store and, when he returned, had entered the wrong room, opening the victim's door using the key to his room. *Id.* at 145-46.

However, law enforcement did not find a key on Petitioner, *id.* at 164, and motel staff testified the key to one room could not have opened the victim's room. *Id.* at 187-88. Also, the evidence at trial showed the door to the victim's room and Petitioner's room were propped open. *Id.* at 176-78, 192. Additionally, the Petitioner's room did not look like the victim's room as the victim's room had two beds, and based on the testimony presented, the room was lit enough for Petitioner to see both beds. ECF Doc. 11-2 at 97, 148. Also, after obtaining consent to search Petitioner's room from Petitioner's girlfriend, law enforcement found the victim's

---

[2] The boyfriend's son was also in the room with the victim and her boyfriend.

boyfriend's truck keys and the victim and her boyfriend's cellphones.  *Id.* at 140-41 & 149.

Petitioner was charged with burglary of a dwelling (by entering the motel room and stealing the phones and keys while the victims were out), burglary of an occupied structure with battery (by entering the motel room and attempting to rape the female occupant), and sexual battery.  ECF Doc. 8-1 at 31.  His first trial ended in a jury deadlock and mistrial on October 23, 2013.  ECF Doc. 8-2 at 26.

At his second trial on January 24, 2014, Petitioner was convicted of burglary of an occupied dwelling with a battery on the male victim and sentenced to life imprisonment.[3]  ECF Doc. 8-2 at 144.

## B.    Postconviction History

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act Of 1996 ("AEDPA"), a petition must be filed within one-year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[4]  Additionally, the one-year time period is tolled for "[t]he time during which a properly filed application for State post-conviction or

---

[3] The State charged Petitioner with only burglary of an occupied dwelling with a battery on either the female or the male victim in the second trial.  ECF Doc. 8-3 at 43.

[4] Although there are other "trigger" dates under the AEDPA, none of those apply here.  *See* 28 U.S.C. § 2244(d)(1)(B)-(D).

other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Petitioner appealed his judgment to the First District Court of Appeals ("First DCA"), which affirmed *per curiam* without a written opinion on June 30, 2015. *Lee v. State (1D14-747)*, 198 So. 3d 634 (Fla. 1st DCA 2015). He did not seek discretionary review in the Florida or United States Supreme Court, so the conviction became final after the 90-day period for seeking certiorari in the U.S. Supreme Court expired, or on September 28, 2015.

The AEDPA one-year limit began running the next day and ran until October 19, 2015,[5] (20 days), when Petitioner filed a Petition asserting ineffective assistance of appellate counsel. *See* ECF Doc. 8-9 at 2. The First DCA denied the Petition on the merits on November 13, 2015, ECF Doc. 8-10 at 2, and the First DCA denied a motion for rehearing on January 5, 2016. ECF Doc. 8-11 at 6; Case No.: 1D15-4838. The AEDPA time limit began running the next day and ran until Petitioner filed a Rule 3.850 motion through counsel on September 26, 2016 (264 days, for a total of 284 days). ECF Doc. 11-3 at 16. The post-conviction motion was continuously pending until February 2, 2021. ECF Doc. 8-13 at 2. The AEDPA

---

[5] *See* Habeas Rule 3(d) and *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.).

time limit began running the next day, and ran for 51 days, for a total of 335 days, before the instant petition was filed on March 26, 2021, making the Petition timely.[6]

## II.    LEGAL STANDARDS

The AEDPA governs a state prisoner's petition for habeas corpus relief.  28 U.S.C. § 2254.  Under the AEDPA, relief may only be granted on a claim adjudicated on the merits in state court if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d).

This standard is both mandatory and difficult to meet.  *White v. Woodall*, 572 U.S. 415, 419 (2014).  "Clearly established federal law" consists of the governing legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision.  *Id*.  A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts.  *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003).

---

[6] Petitioner certified and declared under the penalty of perjury that the Petition was delivered to mail officials on March 26, 2021.  ECF Doc. 1 at 20.  While the Petition also contains an unexplained time stamp of May 25, 2021, *id.* at 1, both sides rely on the March 26, 2021, date as the operative date for AEDPA purposes.

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court correctly identifies the governing legal principle, but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown v. Payton*, 544 U.S. 133, 134 (2005); *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

An ineffective assistance of trial claim requires a showing that (1) counsel's performance during representation fell below an objective standard of reasonableness, and (2) prejudice resulted, *i.e.*, that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential. *Id.* at 689. The Petitioner bears the burden of proving that counsel's performance was unreasonable under prevailing

professional norms and that the challenged action was not sound strategy. *Id.* at 688-89.

To show counsel's performance was unreasonable, a defendant must show "no competent counsel would have taken the action that his counsel did take." *Hollis v. United States*, 958 F. 3d 1120, 1122 (11th Cir. 2020) (citation omitted). It is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy. *Harrington*, 562 U.S. at 111. To establish prejudice, a defendant must show, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Jenkins v. Comm'r, Ala. Dep't of Corr.,* 963 F. 3d 1248 (11th Cir. 2020) (quoting *Harrington*, 562 U.S. at 112). A petitioner must allege more than simply that counsel's conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. A petitioner must show a reasonable probability exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Bare allegations of prejudice are not enough. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987).

## III.  DISCUSSION

Petitioner raises nine grounds for relief: two claims of trial court error, six claims of ineffective assistance of trial counsel ("IATC") and one claim of ineffective assistance of appellate counsel ("IAAC"). As discussed below, Petitioner

is not entitled to relief because the claims are either procedurally barred or without merit.

**A.    Ground One: Trial Court Error in Allowing State's Use of a Preemptory Challenge to Strike Venire Person Gray in Violation of *Batson v. Kentucky*, 476 U.S. 79 (1985).**

During jury selection, the State exercised a peremptory strike on a juror, Mr. Gray, that Petitioner contends is a member of a racial minority, and defense counsel objected. ECF Doc. 1 at 3.  The trial court found that the State's reasons were race-neutral and allowed the peremptory strike. *Id.* at 4.  In Ground One, Petitioner argues the trial court erred in allowing Juror Gray to be stricken.  ECF Doc. 1 at 4.

Petitioner is not entitled to habeas relief because the state court considered the claim and found it to be procedurally barred. *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts.").  This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Conner v. Hall*, 645 F.3d 1277, 1287 (11th Cir. 2011).

In Florida, "prejudicial trial errors" must generally first be raised in the trial court to be preserved for appellate review. *Ballard v. McNeil*, 4:08–cv–347–SPM/EMT, 785 F. Supp. 2d 1299, 1327 (N.D. Fla. 2011).  This contemporaneous objection rule is firmly established and has been regularly followed in challenges to peremptory strikes. *Carratelli v. State*, 961 So. 2d 312, 318 (Fla. 2007) ("Under our

cases, the preservation of a challenge to a potential juror requires more than one objection. When a trial court denies or grants a peremptory challenge, the objecting party must renew and reserve the objection before the jury is sworn.") (citing *Zack v. State,* 911 So.2d 1190, 1204 (Fla. 2005) ("By not renewing the objection prior to the jury being sworn, it is presumed that the objecting party abandoned any prior objection he or she may have had and was satisfied with the selected jury.")).

Petitioner's trial counsel did not challenge the jury panel during the selection process or before the jury was sworn. The State argued this procedural default on appeal, ECF Doc. 8-6 at 20, and the First DCA affirmed *per curiam* and without written opinion. ECF Doc. 8-8 at 4. "[W]hen a procedural default is asserted on appeal and the state appellate court has not clearly indicated that in affirming it is reaching the merits, the state court's opinion is based on the procedural default." *Bennett v. Fortner*, 863 F.2d 804, 807 (11th Cir. 1989).

Thus, this Ground is procedurally barred from federal review. *Bailey*, 172 F.3d at 1302. Also, while a procedural default will not bar federal habeas relief if either the cause and prejudice or the fundamental miscarriage of justice exception is established, Petitioner has asserted no facts to support the application of either exception. *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

### B. Grounds Two and Four: Trial Court Error in Admitting Jailhouse Conversation Between Petitioner and His Girlfriend and IATC for Failing to Preserve the Error on Appeal

At trial, the State introduced a recording of a jailhouse call between Petitioner and his girlfriend in which she told Petitioner that she remembered him returning to the room after going to the store but that he then left, and she wondered where he had gone. She then told Petitioner she heard "tussling around" that was "loud as f____" next door. Despite a pause in the conversation, Petitioner did not dispute her assertion. The court admitted the call over defense counsel's hearsay objection, finding that Petitioner's silence during the call to the girlfriend's incriminating statements was an admission by acquiescence. In Ground Two, Petitioner argues the trial court erred in admitting the call, and, in Ground Four, Petitioner argues defense counsel was ineffective for failing to preserve the error for appeal.

As an initial matter, Petitioner has not exhausted Ground Two because he did not raise it as a federal claim in his direct appeal. "[T]o exhaust state remedies fully, the petitioner must make the state court aware that the claims asserted present federal constitutional issues." *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 457 (11th Cir. 2015). "It is not, however, 'sufficient merely that the federal habeas petitioner has been through the state courts, nor is it sufficient that all the facts necessary to support the claim were before the state courts or that a somewhat similar state-law claim was made.' The crux of the exhaustion requirement is simply that the petitioner must have put the state court on notice that he intended to raise a federal claim." *Preston*, 785 F.3d at 457 (quoting *Kelley v. Sec'y for Dep't of Corr.*, 377

F.3d 1317, 1344 (11th Cir.2004)).  In his direct appeal, Petitioner couched this issue purely as a violation of state law.

Additionally, even if the Court could consider this defaulted claim, it would fail on the merits.  An evidentiary ruling of a state court may be a basis for federal habeas corpus relief only if: (1) the ruling was erroneous and (2) the error deprived the defendant of a fundamentally fair trial.  *Shaw v. Boney*, 695 F.2d 528, 530 (11th Cir. 1983).  Erroneously admitted evidence deprives a defendant of fundamental fairness only if it was a "crucial, critical, highly significant factor" in obtaining the conviction.  *Williams v. Kemp*, 846 F.2d 1276, 1281 (11th Cir. 1988); *Mills v. Singletary*, 161 F.3d 1273, 1289 (11th Cir.1998), *cert. denied*, 124 S. Ct. 804 (2000) ("To establish a violation of fundamental fairness, the evidence erroneously admitted or excluded at trial 'must be material in the sense of a crucial, critical, highly significant factor.'").

Petitioner fails to meet either prong.  First, the evidence was not erroneously admitted under state law.  Florida law considers admissions by silence to be an exception to the rule against hearsay.  Florida Statutes § 90.803(18) provides that the following is not inadmissible as hearsay: "A statement that is offered against a party and is: (a) The party's own statement in either an individual or a representative capacity; [or] (b) A statement of which the party has manifested an adoption or belief in its truth."  A statement may meet § 90.803(18)(b) by being deemed a tacit admission, if under the circumstances and the nature of the statement, a reasonable

person would have been expected to protest if the statement were untrue. *Nelson v. State*, 748 So. 2d 237, 242 (Fla. 1999) (citing *Privett v. State*, 417 So. 2d 805 (Fla. 5th DCA 1982)).

In *Nelson*, the Florida Supreme Court adopted the test for admissions by silence set out in *Privett v. State,* 417 So. 2d 805 (Fla. 5th DCA 1982). The *Privett* factors include a determination of whether: the statement was heard by the party claimed to have acquiesced; the statement was understood by the defendant; the subject matter was within the knowledge of the defendant; there were physical or emotional impediments to the person responding; the personal make-up of the speaker or his relationship to the party made it reasonable to expect a denial; and the statement itself would, if untrue, call for a denial under the circumstances. *See also*, *Nelson v. Sec'y, Fla. Dep't of Corr.*, 2014 WL 4101638, at *7 (M.D. Fla. Aug. 20, 2014), *aff'd,* 671 F. App'x 770 (11th Cir. 2016) (discussing Florida's admission by silence law).

The trial judge considered those factors and found Petitioner tacitly admitted the truth of what the girlfriend was saying. The trial judge explained that "the nature of the conversation is such that there are long periods of silence where they communicate that way. And,[], given [Petitoiner]'s statement that he previously made to law enforcement, it seems to me a reasonable person who has heard the wrong assessment of the facts would say that's wrong." ECF Doc. 8-2 at 226-27. The judge's determination was consistent with Florida law, and Petitioner has

not rebutted the presumption of correctness of the judge's finding with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1) ("a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence").

Second, the State presented overwhelming evidence to support a conviction. Thus, even if there was error, the error certainly did not deprive Petitioner of a fundamental right to a fair trial. This evidence included, for example, (1) that the rooms were obviously different with one having two beds and the other having only one bed; (2) the victim's testimony that Petitioner took her shorts off and attempted to rape her; when she protested, he did not immediately question who she was but instead tried to shush her; (3) evidence showing law enforcement failed to find a key on Petitioner; (4) the motel staff's testimony that Petitioner's key would not open the victim's door; (5) evidence showing the victim's cellphone and her boyfriend's car keys were in the Petitioner's room; (6) evidence showing both doors were propped open; and (5) evidence showing Petitioner never raised the claim he was in the wrong room until after the victims called 911. Additionally, law enforcement ruled out Petitioner's girlfriend as a suspect for the thefts because she was visibly ill and throwing up when law enforcement arrived. Considering the evidence against Petitioner, the jail house call was not a significant factor for the state in obtaining a conviction.

Also, because there was overwhelming evidence to convict Petitioner, the trial court did not err in denying relief on Petitioner's IATC claim. Under *Strickland*, Petitioner cannot show he was prejudiced by trial counsel's failure to preserve a non-meritorious issue for appeal. Petitioner is not entitled to relief on Grounds Two or Four.

### C.   Ground Three: IATC for Failing to Preserve *Batson* Claim for Appeal

In Ground Three, Petitioner argues defense counsel was ineffective for failing to preserve the *Batson* claim in Ground One for appeal. Petitioner is not entitled to relief on this claim because the claim would have failed on appeal, as it is belied by the record. Under the Equal Protection Clause, a criminal defendant has a constitutional "right to be tried by a jury whose members are selected pursuant to nondiscriminatory criteria." *Batson v. Kentucky*, 476 U.S. 79, 85–86 (1986). In *Batson*, the Supreme Court established a three-step inquiry to evaluate a prosecutor's use of peremptory strikes. *Id.* at 96–98. "First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race. Second, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question. Third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination." *Miller–El v. Cockrell*, 537 U.S. 322, 328–29 (2003) (citations omitted); *Adkins v. Warden, Holman CF*, 710 F.3d 1241, 1250 (11th Cir. 2013).

"In the typical peremptory challenge inquiry, the decisive question will be whether counsel's race-neutral explanation for a peremptory challenge should be believed." *See Hernandez v. New York*, 500 U.S. 352, 365 (1991). Notably, it is Petitioner's burden to prove purposeful discrimination at *Batson*'s third step. *See Hernandez*, 500 U.S. at 359; *Batson*, 476 U.S. at 98. "The evaluation of a prosecutor's race-neutral explanations under *Batson* is a 'pure issue of fact ... peculiarly within a trial judge's province.'" *McGahee v. Ala. Dep't of Corr.*, 560 F.3d 1252, 1255 (11th Cir. 2009) (quoting *McNair v. Campbell*, 416 F.3d 1291, 1310 (11th Cir. 2005)).

"The credibility of the prosecution's explanation is to be evaluated considering the 'totality of the relevant facts,' including whether members of a race were disproportionately excluded." *Hernandez*, 500 U.S. at 363. "In deciding if the defendant has carried his burden of persuasion, a court must undertake a sensitive inquiry into such circumstantial and direct evidence of intent as may be available." *Batson*, 476 U.S. at 93 (internal quotation marks omitted). "Questions arise regarding the credibility of the explanation and the possibility that the explanation is pretextual (1) when the prosecutor's explanation for a strike is equally applicable to jurors of a different race who have not been stricken; (2) upon a comparative analysis of the jurors struck and those who remained, including the attributes of the white and black venire members; (3) or when the prosecution fails to engage in a

meaningful voir dire examination on a subject that it alleges it is concerned." *Parker v. Allen*, 565 F.3d 1258, 1271 (11th Cir. 2009) (internal citations omitted).

Here, when the prosecutor was asked why he struck Mr. Gray, the prosecutor explained that it was because "He doesn't have children and he's young and he doesn't have a job that's shows that he's gone to any higher education." ECF Doc. 8-2 at 192-93. The prosecutor also explained that he has struck everyone that was young. *Id.* The court found the prosecutor's explanation to be sufficient to show that the State was striking Mr. Gray based on race-neutral reasons. *Id.*

Later, during the proceedings, defense counsel raised the issue again in a motion for new trial. In addressing the issue, the court explained, once again, that it found the prosecutor race neutral explanation for striking Juror Gray to be "genuine", particularly since the prosecutor left an African-American juror on the panel. ECF Doc. 8-2 at 243-45. Therefore, any error by counsel in failing to preserve the error for appeal did not prejudice the Petitioner because a *Batson* claim would have been rejected even if preserved.

### D.    Ground Five: IATC for Failing to Object to Prosecutor's Improper Closing Argument

Petitioner argues trial counsel was ineffective for failing to object to the prosecutor's closing argument in which he accused the Petitioner of lying several times and bolstering his own witnesses by claiming they were more credible. Petitioner raised this issue in his 3.850 motion, ECF Doc. 11-3 at 119, and

the court rejected the claim, finding that, under Florida law, pointing out lies by the defendant is not improper if the accusation of lying is based on the evidence and not mere opinion. *Id.* at 295-99. Specifically, the court found, "the prosecutor's comments were not improper" because "the prosecutor reviewed the evidence with the jury and compared it to the Defendant's statement to draw the conclusion that Defendant was untruthful." *Id.* at 298.

This conclusion was not an unreasonable application of the facts or contrary to law. During his initial closing argument, the prosecutor briefly explained that Petitioner had lied in his statement to police and proceeded to explain the basis for this conclusion, referring to the evidence presented at trial. ECF Doc. 11-2 at 224-25. The prosecutor's argument primarily involved two points of contentions: Petitioner lied about using his own room key to unlock the door, and Petitioner lied about going directly into the victims' room after coming back from the store. The prosecutor explained, as supported by the evidence, that Petitioner's room key would not open the door to the victims' room. *Id.* at 225. In addition, the stolen cell phones and car key were found next to Petitioner's beer that he had brought back from the store. *Id.* Further, the prosecutor pointed out that Petitioner's girlfriend remembered him coming back from the store, so Petitioner's contention that he went directly into the victims' room after coming back from the store was not credible. *Id.* at 225-26.

During defense counsel's closing argument, he vigorously challenged the State's theory of the case and focused on the credibility of the State's witnesses

versus the credibility of his client. Counsel first challenged the victims' credibility regarding Petitioner commission of a battery against each of them. ECF Doc. 11-2 at 229-30. Counsel argued the victim's account was not credible given that there was no DNA evidence to support her contention that Petitioner had sexually battered her. *Id.* at 229. Further, counsel claimed the victim's and her boyfriend's testimonies were not credible. *Id.* at 230-31-32. He further challenged the credibility of the officer's testimony, pointing out that the officer did not include in his police report that Ms. Grant was sick and only included this information after "[the officers] discussed it among themselves." *Id.* at 233-34. Counsel also bolstered Petitioner's credibility, pointing out that he offered to be fingerprinted to prove that he did not steal the victims' property. *Id.* at 234. Defense counsel proposed that Ms. Grant had stolen the items found in Petitioner's room, because she had apparently noticed that the victims had left a key in their door. *Id.* at 235-36.

Once the defense had presented these credibility-based arguments, the prosecutor, in rebuttal, again pointed out that Petitioner's claim of entering with his room key was a lie because law enforcement tested the room key and it would not open the victims' room. ECF Doc. 11-2 at 247. The prosecutor also pointed out that Petitioner was searched after he was arrested, and no room key was found on him. *Id.* at 250. The prosecutor further emphasized that Petitioner's statement that he went straight into the victim's room after going to the store could not have been true,

since Ms. Grant specifically remembered Petitioner coming back from the store and leaving a second time. *Id.* at 247. The prosecutor also noted that the victim's property was found next to a brown bag with a bottle in it that Petitioner had likely brought back from the store. *Id.* at 252.

All of these comments complied with Florida law that a prosecutor may accuse the defendant of lying when such comments are "made in fair reference to the evidence" presented in the case. *Simmons v. State*, 257 So. 3d 1121, 1129 (Fla. 1st DCA 2018); *Davis v. State*, 698 So. 2d 1182, 1190-91 (Fla. 1997) (holding that prosecutor's references to the defendant's statements to law enforcement as "bald faced lies" were not improper but were instead arguments regarding a conclusion to be drawn from the evidence). Because any objection would have been meritless, Petitioner's counsel was not ineffective, and Petitioner was not prejudiced by counsel's decision not to object to the closing argument. Petitioner is not entitled to habeas relief on this Ground.

### E.   Grounds Six, Seven and Eight Are Procedurally Defaulted

In these three grounds, Petitioner alleges counsel was ineffective for failing to request a self-defense / nondeadly force jury instruction; misadvising Petitioner about his right to testify; and failing to object to the trial court's answer to a jury question in his first trial. Petitioner did not raise these issues until his amended 3.850 motion on January 2, 2018. Therefore, the circuit court found them procedurally barred as untimely because they were raised more than two years after the conviction

became final.  ECF Doc. 11-3 at 136-38; Fla. R. Crim. Pro. 3.850(e) ("new claims for relief contained in an amendment need not be considered by the court unless the amendment is filed within the time frame specified in subdivision (b)"); *Lanier v. State*, 826 So. 2d 460, 461 (Fla. 1st DCA 2002) ("A trial court may properly deny an amended rule 3.850 motion as untimely when it raises new claims and is filed outside of the two-year time period.").

Petitioner argued on appeal that the procedural bar should not be applied, ECF Doc. 8-12 at 28-29, but the First DCA affirmed *per curiam* and without a written opinion.  Therefore, this Court will presume the First DCA applied the procedural bar.  *See Bennett v. Fortner*, 863 F.2d 804, 807 (11th Cir. 1989) ("This circuit to a point has presumed that when a procedural default is asserted on appeal and the state appellate court has not clearly indicated that in affirming it is reaching the merits, the state court's opinion is based on the procedural default.").  As discussed in Ground One, when a claim is denied by a state court on procedural grounds, it is barred from federal review.

### F. Ground Nine: IAAC for Failing to Raise Fundamental Error Due to an Incomplete and Incorrect Jury Instruction

Petitioner's entire argument in the Petition as to Ground Nine is as follows:

Basically, the State trial court misstated the elements of both the charge offense and the lesser included offense.  The State trial court read 13.1 jury instructions which stated in the definition of dwelling a hotel a hotel room qualifies as dwelling. Petitioner Lee contends that he was licensed to enter and that the premises were open to the public.  Therefore, element three should have been read to the jury.

> Furthermore, Petitioner Lee also argues the lesser included instruction given was incomplete and inaccurate, because those left out essential elements of the crime trespass.

ECF Doc. 1 at 19. The Secretary correctly notes that "it [is] not clear what instruction Petitioner believes the state court should have given (but failed to) to make the burglary instruction complete." ECF Doc. 8 at 69. His petition filed before the First DCA offers no additional guidance, ECF Doc. 8-9 at 4, and he does not even mention this ground in his Reply, ECF Doc. 17.

This deficiency alone is reason to deny relief. *Hittson v. GDCP Warden*, 759 F.3d 1210, 1265 n.62 (11th Cir. 2014) ("Rule 2(c) of the Rules Governing Section 2254 Cases requires petitioners to 'specify all the grounds for relief available to the petitioner' and 'state the facts supporting each ground."). It is not this Court's job to "dig through volumes of documents and transcripts" to identify a potential claim for Petitioner. *See Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him.").

## IV. CONCLUSION

### A. Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations,

which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).   Additionally, this Court must take into account the deferential standards prescribed by § 2254. *See id.*  Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing. *See Schriro*, 550 U.S. at 474.

### B.    Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to

this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, is ORDERED:

1.    The clerk shall substitute Ricky D. Dixon as the Respondent.

It is also respectfully RECOMMENDED:

1.    That the petition under 28 U.S.C. § 2254, challenging the conviction in *State v. Lee*, 2011-CF-1251, in Bay County, Florida, ECF Doc. 1, be DENIED without an evidentiary hearing.

2.    That a certificate of appealability be DENIED.

3.    That the clerk be directed to close the file.

At Pensacola, Florida, this 21st day of February, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.